IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nolan Corbitt, and V.B.C., | C/A No.: 1:12-2967-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Alice Branton; Mahendra Kumar Trivedi; Rhonda Cash; Denna Diaz; Ankra Marza; Marsha Karmark; James Robinson; Sckrant Patil; Trivedi Foundation, | |
| Defendants. | |

The sole issue in this report and recommendation is whether Nolan Corbitt ("Plaintiff") should be required to pay the filing fee, or whether Plaintiff's financial condition justifies waiver of such payment. All pretrial proceedings in this matter were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

I.  Procedural Background

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (the "motion"). [Entry #2]. In the motion, Plaintiff indicates that he is employed, has gross pay of $3,100 per month, take-home pay of $2,500 per month, and $450 per month in rental income. *Id.* Plaintiff represents that his monthly expense are as follows: $452 in rent, $775 in credit card payments, a $417 truck payment, $200 on a personal loan, and a $309 mortgage payment. *Id.* He also indicates that he spends $1000 per month as the sole provider for five other people. *Id.*

II. Analysis

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of the federal district courts. *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). However, there is no clear precedent in the Fourth Circuit Court of Appeals concerning a magistrate judge's authority to issue an order denying an application to proceed *in forma pauperis*. The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed in forma pauperis. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). The *Woods* court ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits this report and recommendation to preserve Plaintiff's opportunity to obtain a *de novo* review by the district judge on objections.[1]

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948). However, the "privilege to proceed

---

[1] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed *in forma pauperis* is in the district court. *Gent v. Radford Univ.*, 187 F.3d 629 (Table), 1999 WL 503537, *1 (4th Cir. July 16, 1999). However, the court did not specify the standard of review. *Id*.

without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of his "impecunity"?
>
> (2) Is his access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

*Id.* at 943; *see also Schoenfeld v. Donaghue*, C/A No. 4:07-617-RBH, 2007 WL 1302659, at *3 (D.S.C. May 2, 2007) (denial of *in forma pauperis* status for lack of indigency).

Upon review of the information before the court and mindful of the tests set forth in *Carter*, it does not appear that Plaintiff would be rendered destitute by paying the filing fee of $350, nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts. Hence, the Plaintiff must "confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?" *Carter*, 452 F. Supp. at 944. The court's initial review of the *pro se* complaint does not readily reveal a cause of

action that would support federal jurisdiction. However, the court is obligated to first rule on Plaintiff's motion for leave to proceed *in forma pauperis*.

III. Conclusion

It is recommended that the district judge deny Plaintiff Nolan Corbitt's motion for leave to proceed *in forma pauperis*. [Entry #2]. If the district judge accepts this recommendation, Plaintiff would have thirty days from the date of the order denying *in forma pauperis* status to submit the required $350 filing fee. Thereafter, the undersigned would prepare a Report and Recommendation addressing whether Plaintiff has stated a cause of action that gives the court jurisdiction and if so, whether Plaintiff has standing to pursue any such claims.

IT IS SO RECOMMENDED.

October 31, 2012　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).